LINK: 50

Los Angeles Superior Court, case no. BC465659

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 11-6208-MRP-MANx | Date | October 12, 2011 |
|---|---|---|---|
| Title | Federated Investment Management Company et al. v. Countrywide Financial Corporation et al. | | |

| Present: The Honorable | **MARIANA R. PFAELZER** | | |
|---|---|---|---|
| Cynthia Salyer | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None | | None | |

**Proceedings:** (In Chambers)

### ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Plaintiffs filed a Motion to Remand this action to state court on August 24, 2011. ECF No. 50. The Court hereby **GRANTS** that Motion. Plaintiffs' complaint includes causes of action under Sections 11, 12(a)(2), and 15 of the Securities Act. ¶¶ 323–53. The Court has dismissed similar Securities Act claims as untimely. *See, e.g.*, *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157 (C.D. Cal. 2010). However, the Court's *Maine State* decision was not one compelled by clear and binding Ninth Circuit precedent. Absent such clear and binding precedent, the Court cannot conclude that "there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action [] in state court." *Asurmendi v. Tyco Elec. Corp.*, No. 08-5699 JF (PVT), 2009 WL 650386, at *2 (N.D. Cal. Mar. 11, 2009) (italics in original) (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995)). Defendants have not established that the Securities Act claims were "so baseless . . . as to constitute a fraudulent attempt to defeat the jurisdiction of the federal court." *Peoples Nat. Bank v. Darling*, No. 91-1052-K, 1991 WL 45716, at *2 (D. Kan. Apr. 1, 1999) (quoting *Farmers' Bank & Trust Co. v. Atchison, T. & S.F. Ry. Co.*, 25 F.2d 23, 29 (8th Cir. 1928). Because the Securities Act claims are not fraudulently joined, removal was improper under Section 22. 15 U.S.C. § 77(v)(a).

The hearing set for October 28, 2011 at 1:30 p.m. is hereby vacated and this case is ordered remanded to state court.

IT IS SO ORDERED.